# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GWENDOLYN CLIMMONS-JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-245-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Gwendolyn Climmons-Johnson was convicted by a jury of one count of conspiring to commit health care fraud and four counts of committing health care fraud, in violation of 18 U.S.C. §§ 1347, 1349 and 2, and she was sentenced to 97 months of imprisonment on each count, to run concurrently, and to concurrent, three-year terms of supervised release. The charges related to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activities of Urgent Response Emergency Medical Services, LLC (Urgent Response), an ambulance company owned and operated by Climmons-Johnson.

On appeal, Climmons-Johnson argues that the district court reversibly erred in admitting into evidence Government exhibit 2, which contained electronic claims data submitted by Urgent Response to Medicare, and Government exhibit 4, which consisted of signature cards for her personal bank accounts, as well as Government summary exhibits 90, 91, 92, 93, and 95, which were based upon exhibits 2 and 4. She also argues that the district court erred in refusing to provide a timely instruction to the jury that the failure to comply with civil rules and regulations does not establish criminal liability.

With respect to Government exhibits 2 and 4, Climmons-Johnson argues that the Government failed to lay a foundation or to demonstrate that the evidence qualified as business records or that any other hearsay exception applied. Because she did not object in the district court to the admission of these exhibits on the same grounds that she raises on appeal, our review is for plain error only. *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). To prevail, she must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court committed no clear or obvious error in admitting Government exhibits 2 and 4. *See Puckett*, 556 U.S. at 135. Given that Climmons-Johnson's challenge to the five summary exhibits is based on the premise that exhibits 2 and 4 were inadmissible, the district court likewise committed no clear or obvious error in admitting the five summary exhibits. *See id.*

No. 14-20392

Finally, although she argues that the district court reversibly erred by failing to give a requested jury instruction at the time it was initially requested, the district court did not abuse its discretion. After a Government witness testified that "[a]ll providers who report services for Medicare payment must fully understand and follow all existing laws, regulations and rules for Medicare payment for nonemergency ground ambulance services and must properly submit only valid claims for them," Climmons-Johnson requested that the district court give an instruction to the effect that any violation of Medicare civil rules and regulations was not proof of fraud but could be considered to determine the intent of the party.

Although the district court denied the request when Climmons-Johnson initially requested it, the district court gave the requested instruction on the next day of trial and again at the conclusion of trial. The district court also specifically admonished the jury that the instruction applied not only to future evidence but to evidence that it had already heard. Jurors are presumed to follow their instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). The timing of the instruction did not constitute an abuse of the district court's discretion. *See United States v. Livingston*, 816 F.2d 184, 192 (5th Cir. 1987).

AFFIRMED.